

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2006

# Alaka v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 05-1632

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Alaka v. Atty Gen USA" (2006). *2006 Decisions.* Paper 503.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/503

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-1632

OYENIKE ALAKA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF
HOMELAND SECURITY,

Respondents

On Petition for Review of an Order of
The Board of Immigration Appeals
(No. A91-581-986)

Argued March 9, 2006

Before: AMBRO and BECKER,[*] Circuit Judges,
STAGG,[**] District Judge

(Opinion filed July 18, 2006)

---

[*]This case was argued before the panel of Judges Ambro, Becker and Stagg. Judge Becker died before the filing of this opinion.  It is filed by a quorum of the panel. 28 U.S.C. § 46(d).

[**]Honorable Tom Stagg, Senior District Judge for the Western District of Louisiana, sitting by designation.

# ORDER AMENDING PUBLISHED OPINION

AMBRO, *Circuit Judge*

IT IS NOW ORDERED that the published Opinion in the above case filed July 18, 2006, be amended as follows:

On page 3, replace the complete first full paragraph with the following paragraph.

Oyenike Alaka petitions for review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). We conclude that it erred in affirming the decision of an immigration judge ("IJ") that Alaka was ineligible for withholding of removal as a person convicted of a "particularly serious crime." Accordingly (and after concluding that we have jurisdiction), we grant the petition for review of her withholding of removal claim, vacate the BIA's decision on this issue, and remand to the BIA for further proceedings. As we do not have jurisdiction to consider the BIA's conclusion, in affirming the IJ, that Alaka abandoned her lawful permanent resident status, we dismiss her petition for cancellation of removal and relief under former § 212(c) of the Immigration and Nationality Act ("INA").

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: August 23, 2006

2